ELIZABETH PLOHN, Appellant, v. CHARLES PLOHN, Respondent.— Appeal from orders of the Supreme Court, Schenectady and Saratoga County Special Terms, which permitted the discontinuance of a divorce action upon terms and conditions. Plaintiff instituted an action for absolute divorce and was granted a counsel fee of $15,000, and temporary alimony at the rate of $750 a month. Thereafter she moved to discontinue this action and in its stead to commence an action for separation if she was so advised. Her motion to discontinue was granted upon these terms and conditions: " Plaintiff is ordered to restore and pay to the defendant Seven Thousand Five Hundred Dollars ($7,500) out of the Fifteen Thousand Dollars ($15,000) which she received to prosecute this action; also plaintiff shall pay all costs and taxable disbursements to date amounting to One Thousand One Hundred Fifty-Seven and 95/100 Dollars ($1,157.95), and in addition thereto the plaintiff shall pay to the Referee, Adrian P. Burke, appointed by this Court, his fees and disbursements which are fixed at the sum of $1,417.50 ". We think the orders of discontinuance were improvidently granted and under the circumstances were contrary to sound judicial policy. It is quite clear from the facts before us that a very substantial part of the counsel fee has passed beyond the control of the plaintiff and that she is utterly unable to comply with the terms and conditions set forth in the last order appealed from. While ordinarily the right of a plaintiff to discontinue an action can hardly be disputed, we think this principle does not apply where a plaintiff has set in motion an action for divorce and obtained a very substantial counsel fee to prosecute the same. We are mindful that the plaintiff cannot be compelled to prosecute her divorce action to judgment and a refusal on her part to do so may result in a dismissal that may not be on the merits, but if she elects to permit a dismissal then she must take her chances as to whether or not she will obtain any counsel fees in a subsequent action for separation. Orders reversed on the law and facts, and motion to discontinue denied, without costs. Such reversal shall not be considered to mean that the defendant is required to pay accrued alimony as fixed by the order in the divorce action. The delay involved has been caused by a change of front on the part of the plaintiff and hence she should receive alimony only from and after the date of this decision. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See 283 App. Div. 676.]